IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:09-cr-015-JAG

BOBBY RICHARDSON

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b)(6). (Dk. No. 90.) Petitioner, a federal inmate proceeding pro se, previously submitted a 28 U.S.C. § 2255 petition challenging his convictions on seventeen grounds. (Dk. Nos. 65, 67.) By Memorandum Opinion and Order entered on August 2, 2013, the Court denied Petitioner's requested relief under § 2255. (Dk. No. 79.) Petitioner appealed, and the Fourth Circuit dismissed his appeal. (Dk. No. 84.) Petitioner then filed a motion with the Fourth Circuit to file a successive § 2255 petition, which the court denied. (Dk. No. 89.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application

or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. . . . Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *United States v. McCalister*, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original).

Here, Petitioner's Rule 60(b) motion seeks to reargue previously rejected claims with additional evidence. Petitioner offers new evidence in the form of police records that he obtained via a Freedom of Information Act ("FOIA") request. He alleges that these records contain evidence that his arrest occurred hours after the government claimed it did at trial, and that his counsel ineffectively pursued that evidence. These claims are not related to deficiencies in the first collateral review of his case, but instead are additional arguments related to his underlying § 2255 motion. Thus, his Rule 60(b) Motion must be construed as an unauthorized, successive 28 U.S.C. § 2255 petition. *Winestock*, 340 F.3d at 207; *see also Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2255 petition.

The Clerk will be directed to assign a civil action number to the Rule 60(b) Motion (Dk. No. 90). The Court has not received authorization from the Fourth Circuit to file a successive § 2255 petition. Therefore, the action will be DISMISSED for want of jurisdiction. The Court will DENY a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 13 June 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge